UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-10-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLIFFORD LEON HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of *pro se* Defendant Clifford Leon Houston's motion for recusal of the undersigned pursuant to 28 U.S.C. § 455.[1] [Record No. 77] In support, Houston alleges claims of judicial bias and conflict of interest. The Court finds the motion to be wholly frivolous. Accordingly, the relief sought will be denied.

**I.**

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (*i.e.*, apart from surrounding comments

---

1   The defendant has elected to proceed *pro se* with the assistance of elbow counsel, Charles I. Poole. [Record No. 38]

-1-

or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Id.* at 555.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases. *See, e.g.*, *Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

## II.

The federal grand jury returned the Indictment in this case on January 15, 2013, charging Houston with violations of 18 U.S.C. § 922(g)(3) for knowingly possessing, in affecting

commerce, firearms, while being an unlawful user of a controlled substance. [Record No. 6] On January 17, 2013, Houston appeared before United States Magistrate Judge C. Clifford Shirley, Jr., for his initial arraignment and a detention hearing.

Since the detention hearing, Houston has filed over forty *pro se* motions, a number of which are simply duplicates of motions previously filed. Specifically, he has filed two separate motions for United States District Court Judge Thomas A. Varlan to recuse himself, along with duplicates which have been attached. [Record Nos. 41, 61] In support, Houston generally cites "conflicts of interest" and indicates that he has previously filed a civil rights case against Judge Varlan. [Record Nos. 41, 61] Additionally, Houston has filed a motion styled "Petition to Appoint a Neutral Judge,"[2] requesting the Court to appoint another United States District Judge other than Judge Varlan to preside over his case. [Record No. 75]

On March 15, 2013, for reasons unrelated to Houston's allegations, this case and several others were reassigned to the undersigned pursuant to 28 U.S.C. § 137. [Record No. 39] Houston has now moved the Court for the undersigned to recuse from this matter. [Record No. 77] Houston seems to argue that recusal is appropriate because Judge Varlan reassigned this case "while being in conflict of interest." [*Id.*] However, as discussed below, the point is without merit. [*See id.*]

Title 28 of the United States Code, Section 137, states in relevant part that the court's business "shall be divided among the judges as provided by the rules and orders of the court" and

---

2   Houston again alleges that "real conflicts of interest" exist between himself and Judge Varlan "due to the fact that the defendant [previously] filed a federal civil rights complaint" against Judge Varlan, and because Houston anticipates subpoenaing Judge Varlan to testify regarding a "conspiracy to interfer [*sic.*] with civil rights and motive to manufactor [*sic.*] charges against the defendant." [Record No. 75]

-3-

that the "chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe." 28 U.S.C. § 137. In accordance with this statutory authority, the chief judge of a district court has the authority to assign cases among district judges, including district judges sitting by designation. *See id.* § 137. This case was reassigned to the undersigned to assist in expediting disposition of the volume of cases now pending in the Eastern District of Tennessee. Reassignment does not demonstrate bias towards Houston, and the action does not substantiate Houston's vague and general assertions of a conflicts of interest. Nevertheless, Houston has been awarded the remedy he sought previously — reassignment of this matter to another neutral district court judge to preside over this matter. [*See* Record No. 75.]

Now that Houston has received the remedial equivalent of what he had been seeking, he complains that disqualification of the undersigned is warranted. Houston's arguments, however, do not constitute grounds for recusal by the undersigned. Houston seems to believe that if Judge Varlan has a [alleged] conflict of interest, he is incapable of properly reassigning this criminal matter. Under this circular and nonsensical logic, Judge Varlan would be unable to reassign this matter to any other judge. This simply is incorrect. As explained above, this matter was properly reassigned to the undersigned in accordance with 28 U.S.C. § 137.

Additionally, Houston has neither alleged nor offered any evidence of partiality or of a conflict of interest that would reasonably draw into question the ability of the undersigned to preside over this matter. 28 U.S.C. § 455(a); *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012). The defendant has also failed to allege or present any facts to substantiate a

-4-

finding that the undersigned harbors any personal bias, prejudice, or personal knowledge of disputed evidentiary facts concerning this proceeding. *See* 28 U.S.C. § 455(b)(1).

Next, Houston cites 28 U.S.C. § 455(b)(5)(iii) and (b)(5)(iv), which provide that a district judge shall disqualify himself where:

> he or his spouse, or a person within the third degree of relationship to either of them, or spouse of such person:
>
> (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b)(5)(iii) – (iv). Again, Houston fails to even allege facts which would support his argument under this statutory section. Additionally, a working relationship between two United States District Judges does not constitute "a person within the third degree of relationship" pursuant to 28 U.S.C. § 455. *Perpich v. Cleveland Cliffs Iron Co.*, 927 F. Supp. 226, 232 (E.D. Mich. 1996); *Houston v. Wicks*, No. 11-6557, 2012 U.S. App. LEXIS 22295, at *1 (6th Cir. Oct. 25, 2012).

Houston has failed to properly raise an issue of judicial bias or conflict of interest that would reasonably draw into question the Court's impartiality. Houston's assertions to the contrary are misplaced, and only seem to reflect his personal dissatisfaction with having to stand trial for his alleged actions as set out in his criminal indictment. It is well-settled that personal dissatisfaction and the subjective view of a party, however, are insufficient grounds to warrant disqualification. *United States v. Beasley*, No. 1:03-CR-106, 2006 U.S. Dist. LEXIS 87702, at

*7 (E.D. Tenn. Dec. 1, 2006). In short, it cannot be asserted in good faith that reassignment of this matter to the undersigned constitutes grounds for recusal under 28 U.S.C. § 144 or § 455.

III.

To the extent Houston has previously filed motions seeking the recusal of Judge Varlan, these motions will be denied as moot. [Record Nos. 41, 61] Judge Varlan is no longer involved in this case in any manner. Likewise, Houston's motion styled "Petition to Appoint a Neutral Judge" will be denied as moot since this motion is predicated upon alleged conflicts of interest between Judge Varlan and Houston. [Record No. 75]

IV.

For the reasons discussed herein, it is

**ORDERED** as follows:

(1) Defendant Houston's motion for the undersigned to recuse from further proceedings in this case [Record No. 77] is **DENIED**.

(2) Defendant Houston's motions for United States District Judge Thomas A. Varlan to recuse from further proceedings in this case [Record Nos. 41, 61] are **DENIED** as moot.

(3) Defendant Houston's petition to appoint a neutral judge [Record No. 75] is **DENIED** as moot.

This 24th day of April, 2013.



Signed By:
*Danny C. Reeves*
United States District Judge